UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHELE HARRINGTON,

        Plaintiff,                                     Hon. Robert Holmes Bell

v.                                                       Case No. 1:14-CV-686

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

**REPORT AND RECOMMENDATION**

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claims for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act. Section 405(g) limits the Court to a review of the administrative record, and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. Pursuant to 28 U.S.C. § 636(b)(1)(B), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of social security appeals, the undersigned recommends that the Commissioner's decision be **reversed and this matter remanded for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g)**.

**STANDARD OF REVIEW**

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984).

As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This

standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision.  *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

Plaintiff was 52 years of age on her alleged disability onset date. (Tr. 139). She successfully completed high school and worked previously as a retail greeter. (Tr. 34, 44). Plaintiff applied for benefits on July 18, 2011, alleging that she had been disabled since April 7, 2011, due to COPD, emphysema, diabetes, and arthritis. (Tr. 139-52, 178). Plaintiff's applications were denied, after which time she requested a hearing before an Administrative Law Judge (ALJ). (Tr. 84-138). On January 8, 2013, Plaintiff appeared before ALJ James Prothro with testimony being offered by Plaintiff and a vocational expert. (Tr. 39-83). In a written decision March 8, 2013, the ALJ determined that Plaintiff was not disabled. (Tr. 26-34). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (Tr. 1-6). Plaintiff subsequently initiated this pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability.  *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1]   If the Commissioner can make a

---

[1] 1.  An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. 404.1520(b));

2.  An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. 404.1520(c));

dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining her residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and she can satisfy her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functioning capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

The ALJ determined that Plaintiff suffers from: (1) hypothyroidism; (2) chronic obstructive pulmonary disease (COPD); (3) history of pneumonia; (4) tobacco abuse; and (5) depression, severe impairments that whether considered alone or in combination with other

---

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. 404.1520(d));

4. If an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. 404.1520(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. 404.1520(f)).

impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (Tr. 28-31). The ALJ next determined that Plaintiff retained the capacity to perform light work subject to the following limitations: (1) she can only occasionally climb, balance, stoop, kneel, crouch, or crawl; and (2) she is limited to simple tasks. (Tr. 31).

A vocational expert testified that if limited to the extent reflected in the ALJ's RFC finding, Plaintiff would still be able to perform her past relevant work as a greeter. (Tr. 75-77). Based on the vocational expert's testimony, the ALJ determined that Plaintiff was not disabled because she retained the ability to perform her past relevant work. (Tr. 33-34). Accordingly, the ALJ concluded that Plaintiff was not entitled to disability benefits.

### I.       The ALJ's RFC Determination

A claimant's RFC represents her ability to perform "work-related physical and mental activities in a work setting on a regular and continuing basis," defined as "8 hours a day, for 5 days a week, or an equivalent work schedule." Social Security Ruling 96-8P, 1996 WL 374184 at *1 (Social Security Administration, July 2, 1996); *see also*, *Payne v. Commissioner of Social Security*, 402 Fed. Appx. 109, 116 (6th Cir., Nov. 18, 2010). Plaintiff argues that because the ALJ failed to properly evaluate and consider her obesity, his RFC determination is not supported by substantial evidence. The Court agrees.

While obesity is no longer considered a "listed impairment" by the Social Security Administration, the effect of obesity on a claimant's ability to work must be specifically considered. *See, e.g., Titles II and XVI: Evaluation of Obesity*, Social Security Ruling 02-1P, 2002 WL 34686281


(Soc. Sec. Admin., Sept. 12, 2002); *Shilo v. Commissioner of Social Security*, 600 Fed. Appx. 956, 959 (6th Cir., Jan. 28, 2015) ("an ALJ must 'consider the claimant's obesity, in combination with other impairments, at all stages of the sequential evaluation'").

The ALJ is not obligated to employ any "particular mode of analysis" when assessing the impact of a claimant's obesity.  *See Shilo*, 600 Fed. Appx. at 959.  Nevertheless, the ALJ must do more than merely "mention the fact of obesity in passing." *Id.*  As the Sixth Circuit recently reiterated:

> Obesity. . .must be considered throughout the ALJ's determinations, 'including when assessing an individual's residual functional capacity,' precisely because 'the combined effects of obesity with other impairments can be greater than the effects of each of the impairments considered separately.'

*Shilo*, 600 Fed. Appx. at 959 (quoting Social Security Ruling 02-1P, 2002 WL 34686281 at *1-2).

The rationale for specifically considering the effect of obesity on a claimant's ability to function and perform work activities is straightforward:

> Obesity 'commonly leads to, and often complicates, chronic diseases of the cardiovascular, respiratory, and musculoskeletal body systems.' For example, 'someone with obesity and arthritis affecting a weight-bearing joint may have more pain and limitation than might be expected from the arthritis alone.'  The ALJ also must specifically take into account 'the effect obesity has upon the individual's ability to perform routine movement and necessary physical activity within the work environment,' and consider how 'fatigue may affect the individual's physical and mental ability to sustain work activity' - especially in 'cases involving sleep apnea.'

*Shilo*, 600 Fed. Appx. at 959 (quoting Social Security Ruling 02-1P, 2002 WL 34686281 at *3-6).

The ALJ's assessment of Plaintiff's obesity falls far short of this standard. The ALJ mentioned Plaintiff's obesity only twice. In the context of discussing Plaintiff's various impairments, the ALJ stated the following:

> The claimant is obese having been measured to stand 67 inches tall and was measured to 310 pounds resulting in a Body Mass Index (BMI) of 48.5 consistent with morbid obesity. Physicians diagnose morbid obesity on June 20, 2011 (Exhibit 12 F page 3). At the hearing, she testified that her weight was down from 358 pounds and that she currently weighed 347 pounds noting that her weight had a lot to do with her thyroid. All of [her] reported weights fall within the morbidly obese range. Obesity is a medically determinable impairment as described in Social Security Ruling 02-01p. It commonly leads to, and often complicates, chronic diseases of the cardiovascular, respiratory, and musculoskeletal body systems. Although no longer a listed impairment in 20 CFR Part 404, Subpart P, Appendix I, the undersigned has considered the effect of obesity on the claimant's severe impairments and finds that obesity compounds the symptoms of her other conditions.

(Tr. 30).

Later, in the context of discussing his RFC determination, the ALJ offered the following:

> In terms of the claimant's alleged back and knee pain preventing her from walking without a walker, the undersigned notes that [Plaintiff] is quite obese but that she can walk in her home for exercise and climb stairs when needed.

(Tr. 32).

The only attempt by the ALJ to "take into account the effect obesity has upon [Plaintiff's] ability to perform routine movement and necessary physical activity within the work environment," or "consider how fatigue may affect [her] physical and mental ability to sustain work activity," is the conclusion that Plaintiff does not require an assistive device to ambulate because she

7

"can walk in her home for exercise and climb stairs when needed." The ALJ did not cite to any portion of the record to support this statement. A review of the record reveals that the ALJ's statement reflects a mischaracterization of Plaintiff's testimony. Plaintiff did not testify that she could walk up and down the stairs in her home whenever she needed. To the contrary, Plaintiff testified that because of her inability to navigate her stairs she had to move her bedroom to the first floor of her house. (Tr. 52-53, 65). As for the ALJ's statement that Plaintiff walks "for exercise," such is likewise not supported by the record. Plaintiff testified that she was unable to walk even one block and could not stand for longer than 3-5 minutes. (Tr. 62-63). Plaintiff did testify that she was "advised" to attempt to walk for exercise. (Tr. 73-74). Plaintiff, however, did not indicate that she was able to successfully accomplish this, only that she occasionally attempted to do so. (Tr. 74). Plaintiff's hearing testimony is consistent with the responses she provided on activity questionnaires. (Tr. 184-91, 230-37). In sum, the ALJ did not evaluate Plaintiff's obesity in accordance with the authority identified above. Accordingly, the Court finds that the ALJ's RFC determination is not supported by substantial evidence.

**II.        Remand is Appropriate**

The ALJ's conclusion that Plaintiff is not disabled was based on the vocational expert's testimony that if limited to the extent reflected by the ALJ's RFC determination, Plaintiff could perform her past relevant work. As discussed herein, however, the ALJ's RFC is not supported by substantial evidence and because the vocational expert's testimony was premised upon a faulty RFC determination, the ALJ's reliance thereon does not constitute substantial evidence. *See Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 150 (6th Cir. 1996) (while the ALJ may rely upon

responses to hypothetical questions posed to a vocational expert, such questions must accurately portray the claimant's impairments).

While the Court finds that the ALJ's decision fails to comply with the relevant legal standards, Plaintiff can be awarded benefits only if "all essential factual issues have been resolved" and "the record adequately establishes [her] entitlement to benefits." *Faucher v. Secretary of Health and Human Serv's*, 17 F.3d 171, 176 (6th Cir. 1994); *see also*, *Brooks v. Commissioner of Social Security*, 531 Fed. Appx. 636, 644 (6th Cir., Aug. 6, 2013). This latter requirement is satisfied "where the proof of disability is overwhelming or where proof of disability is strong and evidence to the contrary is lacking." *Faucher*, 17 F.3d at 176; *see also*, *Brooks*, 531 Fed. Appx. at 644.

The record fails to establish that Plaintiff is entitled to an award of benefits. There does not exist overwhelming evidence that Plaintiff is disabled. Moreover, resolution of Plaintiff's claim requires the resolution of factual disputes which this Court is neither authorized nor competent to undertake in the first instance. The undersigned recommends, therefore, that the Commissioner's decision be reversed and this matter remanded for further factual findings.

## CONCLUSION

For the reasons articulated herein, the undersigned concludes that the ALJ's decision is not supported by substantial evidence. Accordingly, it is recommended that the Commissioner's decision be **reversed and this matter remanded for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g)**.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C).

Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                                  Respectfully submitted,

Date:  September 9, 2015                                    /s/ Ellen S. Carmody
                                                           ELLEN S. CARMODY
                                                           United States Magistrate Judge